IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br>　vs.<br><br>MATEO B. SARDOMA, JR. aka "MAT",<br><br>　　　　　Defendant. | CRIMINAL CASE NO. 12-00010<br><br>**ORDER DENYING MOTION TO INTERVIEW DISCHARGED JURORS** |

Before the court is a Motion to Interview Discharged Jurors (hereinafter "Motion"). *See* Mot., ECF No. 653. For the reasons stated herein, the Motion is hereby **DENIED**.

I. **BACKGROUND**

On October 29, 2013, the jury found Defendant Mateo B. Sardoma, Jr., (hereinafter "Defendant Sardoma") guilty of all counts relating to him, with the exception of Count 24.[1] Thereafter, the court received information of potential jury misconduct and consequently ordered the parties to brief the issue.[2]

On February 21, 2014, Defendant Rudy P.H. Sablan (hereinafter "Defendant Sablan")

---

[1] For purposes of this Motion, the court will only discuss facts relevant to Defendant Mateo B. Sardoma, Jr.
[2] The court initially set the evidentiary hearing for November 4, 2013, but due to some events that necessitated the continuances, the evidentiary hearings are now set for March 18 and 19, 2014.

1

filed the instant Motion. *Id.* Therein, Defendant Sablan, through his counsel, requests that he be allowed to interview all the former jurors in this case, including Brandi-Jo H. Fiti, Shalina-Iona C. Matanane, Junadyn L. Hautea, and Robert D. Cook. *Id.* Defendant Sardoma filed a joinder to Defendant Sablan's Motion. *See* Joinder, ECF NO. 654.[3]

## II. DISCUSSION

Federal courts disfavor post-verdict interviews of jurors by persons connected with the case. *See United States v. Sanchez*, 380 F. Supp. 1260, 1265 n.12 (N.D. Tex. 1973). As the U.S. Supreme Court puts it:

> [L]et it once be established that verdicts solemnly made and publicly returned into court can be attacked and set aside on the testimony of those who took part in their publication and all verdicts could be, and many would be, followed by an inquiry in the hope of discovering something which might invalidate the finding. Jurors would be harassed and beset by the defeated party in an effort to secure from them evidence of facts which might establish misconduct sufficient to set aside a verdict. If evidence thus secured could be thus used, the result would be to make what was intended to be a private deliberation, the constant subject of public investigation; to the destruction of all frankness and freedom of discussion and conference.

*McDonald v. Pless*, 238 U.S. 264, 267-68 (1915). Echoing this long-held rule, the Ninth Circuit discourages counsel from conducting post-trial interviews. *See Traver v. Meshriy*, 627 F.2d 934, 941 (9th Cir. 1980). The Ninth Circuit also notes that in a federal case, "it is improper and unethical for lawyers to interview jurors to discover what was the course of deliberation of a trial jury." *Smith v. Cupp*, 457 F.2d 1098, 1100 (9th Cir. 1972) (citing *Northern Pacific Railway Co. v. Mely*, 219 F.2d 199, 202 (9th Cir. 1954)).

In *Smith*, the appellate court affirmed the trial court's refusal to allow post-verdict interview of jurors "for the purpose of discovering possible, but unspecified, jury misconduct[.]" 457 F.2d at 1100; *see also United States v. Cauble*, 532 F. Supp. 804, 810 (E.D. Tex. 1982) (a convicted defendant relying on speculation unsupported by any evidence should not be allowed

---

[3] Defendant Sablan has since entered into a plea agreement.

2

to engage in a jury misconduct fishing expedition). Similar to *Smith* and *Cauble*, Defendant Sardoma failed to present any specific information of jury misconduct as to former juror numbers 2, 3, 5, 6, 8, 10, 11, 12, 13, 14, 15, 16, 17, and 18. Rather, Defendant Sardoma merely speculates that "[s]uch interviews *may* lead to other unknown misconduct . . ." *See* Joinder at 1, ECF No. 654 (emphasis added).

As to former jurors Brandi-Jo H. Fiti, Shalina-Iona C. Matanane, Junadyn L. Hautea, and Robert D. Cook, the court finds that while there is evidence of jury misconduct,[4] the court nonetheless denies the Motion because post-verdict interview of these individuals will be under the strict supervision and control of the court at the evidentiary hearing.[5] This is done to ensure that jurors being questioned do not feel undue pressure or feel that they are being harassed or intimidated. *See United States v. Moten*, 582 F.2d 654, 667 (2d Cir. 1978) (In the Second Circuit, "a district judge has the power, and sometimes the duty, to order that all post-trial investigation of jurors shall be under his supervision," in the interest of protecting the jurors).

III. **CONCLUSION**

Based on the foregoing, the court hereby **DENIES** the Motion to Interview Discharged Jurors.

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
    **Chief Judge**
**Dated: Mar 17, 2014**

---

[4] The court notes that "not every incident of juror misconduct requires a new trial." *Anderson v. Calderon*, 232 F.3d 1053, 1098 (9th Cir. 2000), *overruled on other grounds by Osband v. Woodford*, 290 F.3d 1036, 1043 (9th Cir. 2002). The issue of whether the misconduct warrants a new trial will be addressed upon the completion of the evidentiary hearing and oral argument on the motion.

[5] The list of questions this court had prepared for the evidentiary hearing took into consideration the proposed questions submitted by all parties.

3